IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d). | ) ) ) ) ) ) | No. 26-4303 |

**Government's Motion for an Extension of Time to File Any Petition for Rehearing**

On November 10, 2026, the Court issued a published decision affirming in part and reversing in part the district court's order declining to quash or modify a magistrate judge's order for the production of certain non-content social media records from appellant LinkedIn Corporation pursuant to 18 U.S.C § 2703(d) (the "D-Order") and declining to modify an accompanying non-disclosure order issued pursuant to 18 U.S.C. § 2705(b). Doc. No. 107. Any petition for panel rehearing or rehearing en banc is currently due by November 24, 2026. *See* Fed. R. App. P. 40(d)(1). As the Court knows, the Solicitor General of the United States must personally determine whether the government will file a petition for rehearing en banc. *See* 28 C.F.R. § 0.20(b). That determination requires careful review of the Court's decision and input from several components of the Department of Justice. Accordingly, the government respectfully moves this Court for a 30-day extension, until December 24, 2026, to file any petition for panel rehearing or rehearing en

banc. *See* Fed. R. App. P. 26(b). The government has attempted to obtain LinkedIn's position on this request from LinkedIn's counsel on November 12, 13, and 17, but did not receive a substantive response. *See* Loc. R. 27(a).

The panel opinion addresses several matters of first impression, including what it means for "compliance" with a § 2703(d) order to "otherwise . . . cause an undue burden on" a service provider, Slip Op. 14–16, and how the First Amendment applies in this context, Slip Op. 16–19. The Court also holds that, notwithstanding the government's demonstrated interests under § 2705(b), disclosure to an attorney for a news outlet may be warranted. Slip Op. 19–23.

Disclosure orders under § 2703(d) are a critical tool for the investigation and prosecution of serious federal crimes. Although the government's interest in investigating "possible violations of the law" "has a special gravity where a suspected crime involves the compromise of special operations implicating national security," Slip Op. 11, the government's reliance on § 2703(d) orders is not limited to the national security space. The panel's opinion and its implications for future federal criminal investigations warrant careful consideration. Therefore, the government requires adequate time to allow the Solicitor General to review the opinion in this case and the recommendations of other components of the Department of Justice before deciding whether to seek further review.

LinkedIn will not be prejudiced by this short extension of time, as its obligation to produce the records sought by the original § 2703(d) order is stayed pending these appellate proceedings. *See* Doc. No. 16.

For these reasons, the government respectfully requests an additional 30 days, until December 24, 2026, to file any petition for panel rehearing or rehearing en banc.

Respectfully submitted,

Respectfully submitted,
Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

By: /s/
Brian J. Samuels
Assistant United States Attorney
Eastern District of Virginia
One City Center
11815 Fountain Way, Suite 200
Newport News, Virginia 23606

M. Scott Proctor
Acting Principal Deputy Assistant
Attorney General
National Security Division

By: /s/
Joshua T. Ferrentino
Trial Attorney
Counterintelligence & Export
Control Section
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

## Certificate of Compliance

I certify that this motion was written using 14-point Times New Roman typeface and Microsoft Word 365. I further certify that this motion does not exceed 5,200 words, as required by Federal Rule of Appellate Procedure 27(d)(2)(A), and is specifically 478 words. I understand that a material misrepresentation can result in the Court's striking the motion and imposing sanctions.

By: /s/

Joshua T. Ferrentino
Trial Attorney